UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2007 MAR -5 A 9: 51

DISTRICT COURT
...FORD, CT.

MARK L. BOVA, SR.                    :
                                     :           PRISONER
        v.                           :    Case No. 3:07cv07(AVC)
                                     :
WARDEN WALTER FORD                   :


                RULING ON PETITION FOR WRIT OF HABEAS CORPUS

        The petitioner, Mark L. Bova, Sr. ("Bova"), an inmate

confined at the MacDougall-Walker Correctional Institution in

Suffield, Connecticut, brings this action pro se for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his

conviction for murder and conspiracy to commit murder on the

ground that trial counsel was ineffective. For the reasons that

follow, the petition is dismissed.

I.   Discussion

        Federal habeas corpus statutes impose a one year statute of

limitations on federal petitions for a writ of habeas corpus

challenging a judgment of conviction imposed by a state court:

> (1) A 1-year period of limitation shall apply
> to an application for a writ of habeas corpus
> by a person in custody pursuant to the
> judgment of a State court. The limitation
> period shall run from the latest of-
>   (A) the date on which the judgment became
> final by the conclusion of direct review or
> the expiration of the time for seeking such
> review;
>   (B) the date on which the impediment to
> filing an application created by State action

in violation of the Constitution or laws of
the United States is removed, if the
applicant was prevented from filing by such
State action;
  (C) the date on which the constitutional
right asserted was initially recognized by
the Supreme Court, if the right has been
newly recognized by the Supreme Court and
made retroactively applicable to cases on
collateral review; or
  (D) the date on which the factual predicate
of the claim or claims presented could have
been discovered through the exercise of due
diligence.
(2) The time during which a properly filed
application for State post-conviction or
other collateral review with respect to the
pertinent judgment or claim is pending shall
not be counted toward any period of
limitation under this subsection.

28 U.S.C. § 2244(d).

Untimeliness of a federal habeas petition usually is raised
in a motion to dismiss the petition. However, the court may
raise the statute of limitations sua sponte where petitioner's
failure to present his claims to the state's highest court is
apparent from the face of the petition, so long as notice is
provided to the petitioner. See Day v. McDonough, ___ U.S. ___,
126 S. Ct. 1675, 1684 (2006) ("we hold that district courts are
permitted, but not obliged, to consider, sua sponte, the
timeliness of a state prisoner's habeas petition").

On January 18, 2007, the court informed Bova of its concern
that the petition was time-barred and afforded him an opportunity
to address this issue. Bova has confirmed that the Connecticut
Supreme Court affirmed his conviction on March 18, 1997. (See

2

Pet. at page 2 of the exhibit following page 4.) Thus, Bova's conviction became final on June 16, 1997, at the expiration of the time within which he could have filed a petition for certiorari to the United States Supreme Court. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001) (holding in case where petitioner had appealed to state highest court, direct appeal also included filing petition for writ of certiorari to Supreme Court or the expiration of time within which to file petition), cert. denied, 534 U.S. 924 (2001). The limitations period began to run the following day and expired on June 16, 1998.

Bova states in response to the court's notice that he filed a state habeas petition on March 31, 1999. The state court docket indicates that the state habeas petition was filed on March 9, 1999. See www.jud2.ct.gov/civil_inquiry (last visited February 27, 2007). In either event, Bova did not commence his state habeas action until well after the limitations period had expired. Therefore, the filing of the state habeas petition cannot toll the limitations period and this action is time-barred.

II.  Conclusion

The petition for writ of habeas corpus [**Doc. #1**] is hereby **DISMISSED** as untimely filed. The court concludes that jurists of reason would not find it debatable that the petition is time-barred. Thus, a certificate of appealability will not issue.

3

See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).  The Clerk is directed to close this case.

     **SO ORDERED** this ___2ND___ day of ~~February~~ MARCH, 2007, at Hartford, Connecticut.

Alfred V. Covello
United States District Judge